**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **ALPHA PHI ALPHA FRATERNITY, INC.** | ) |
| **Plaintiff,** | ) |
| **v.** | ) **Case No.: ____________** |
| **QUALITY LASER DESIGN LLC** | ) |
| **Defendant.** | ) **JURY TRIAL DEMANDED** |

**COMPLAINT**

Alpha Phi Alpha Fraternity, Inc. ("Alpha Phi Alpha" or "Plaintiff") by and through their undersigned counsel, files this Complaint against Defendant Quality Laser Design LLC ("Defendant") and hereby states and alleges the following:

**INTRODUCTION**

1. Alpha Phi Alpha brings this action against Defendant for trademark infringement under the Trademark Act, 15 U.S.C. §§ 1051 et seq. (Lanham Act).

2. Alpha Phi Alpha is a national fraternal organization founded by Black men with a mission of providing service to the local community and support for its members. As a national organization, part of its business involves the licensing of its trademarks to vendors for use in selling merchandise associated with Alpha Phi Alpha to members of the organization and those buying gifts for and on behalf of its members.

**3.** Alpha Phi Alpha owns "AφA" (the "Alpha Phi Alpha mark"), subject to U.S. Trademark Registration No. 5,367,717, which was registered by the U.S. Patent and Trademark Office (USPTO) on January 2, 2018. The Alpha Phi Alpha mark has become incontestable pursuant to Section 15 of the Lanham Act. Alpha Phi Alpha also owns "1906" (the "1906 mark")



98604402.5

subject to U.S. Trademark Registration No. 6,791,891, which was registered by the USPTO on July 19, 2022. True and correct copies of the corresponding registration certificates are submitted herewith as **Exhibit A** and **Exhibit B.**

4. Through the operation of its national organization under the Alpha Phi Alpha mark and the 1906 mark (collectively the "Alpha Phi Alpha Marks"), Plaintiff has built a highly respected and widely recognized brand, while cultivating significant goodwill with its members.

5. Defendant is engaged in the manufacture, marketing, and distribution of merchandise bearing substantially similar designs to the Alpha Phi Alpha Marks through its website https://www.qualitylaserdesign.com. Defendant has sold multiple products featuring the Alpha Phi Alpha Marks, including "1906 ALPHA PHI ALPHA" License Frames (Infringing Marks).

6. Defendant does not now and has not ever been licensed by Alpha Phi Alpha to sell products featuring the Alpha Phi Alpha Marks.

7. Defendant was put on notice of its use of the Infringing Marks no later than June 8, 2018, when Plaintiff emailed Defendant, to which Defendant failed to meaningfully respond or take corrective action.

8. On December 3, 2018 and January 3, 2019, Plaintiff again exchanged emails with Defendant to address Defendant's trademark infringement through its use of the Infringing Marks.

9. Despite being on notice of its impermissible use of the Infringing Marks, Defendant continued manufacturing, promoting, selling, and offering for sale products featuring the Infringing Marks for the next three years.

10. On April 18, 2024, Defendant was still manufacturing, promoting, selling, and offering for sale products featuring the Infringing Marks. As a result, Plaintiff again raised the

issues of the Defendant's impermissible use of the Infringing Marks and demanded that Defendant pay a settlement sum as full settlement for the years of past trademark infringement. Defendant represented that the merchandise featuring the Infringing Marks would be removed immediately. Defendant then continued manufacturing, promoting, selling, and offering for sale products featuring the Infringing Marks.

11. On May 8, 2024, Plaintiff emailed Defendant, pointing out that the Infringing Marks were still advertised on Defendant's website. As a result of Defendant's persistent and willful infringement, Plaintiff raised the settlement demand and gave Defendant until May 14, 2024, to make such payment.

12. As a result of Defendant's refusal to resolve its past infringement, Plaintiff sent a letter on September 27, 2024, notifying Defendant of Plaintiff's intent to file suit based on Defendant's illegal use of the Infringing Marks. Defendant again failed to make payment of the settlement demand to Plaintiff. A copy of this letter is submitted herewith as **Exhibit C**.

13. The Infringing Marks are confusingly similar in appearance and/or commercial impression to the Alpha Phi Alpha Marks. Defendant was fully aware of the Alpha Phi Alpha Marks and knowingly commenced and continued to use the Infringing Marks. Defendant was also fully aware that licenses are required to use registered marks, as evidenced by the fact that Defendant had obtained licenses from at least five other similar organizations. Any claim that Defendant was unaware of the need to obtain such licenses is wholly undercut by the message on Defendant's websites which falsely and erroneously states that "ALL ITEMS ARE REGISTERED TRADEMARK ITEMS BY THE SORORITY AND FRATERNITY."

14. Defendant's past and/or present promoting, marketing, offering for sale, and selling products under the Infringing Mark is misleading and likely to cause confusion among consumers,

including current or prospective members of Plaintiff's organization. Defendant's actions have resulted in, and continue to have the potential to result in, damage to Plaintiff's reputation. Defendant's actions have resulted in, and will continue to result in, the tarnishing of the Alpha Phi Alpha Marks and the associated goodwill Plaintiff has developed.

15. Plaintiff sought to resolve this dispute amicably, repeatedly offering to accept a settlement and cessation of the unlicensed sale of all items bearing the Infringing Marks. Defendant has continually declined to engage in good faith. Now Plaintiff brings this action to recover treble damages based on willful and unlicensed sale of or offer to sell merchandise bearing the Mark.

## NATURE OF THE ACTION

16. This is a civil action to remedy trademark infringement under the Trademark Act, 15 U.S.C. §§ 1051 et seq. (Lanham Act).

17. This action arises out of Defendant's unlicensed use of Plaintiff's Marks.

## PARTIES

18. Plaintiff Alpha Phi Alpha Fraternity Inc. is an Indiana corporation, having its principal place of business at 2313 St. Paul Street, Baltimore, MD 21218.

19. Upon information and belief, Defendant Quality Laser Design LLC is an Alabama LLC having its principal place of business at 244 Claty Dr NE, Huntsville, AL 358101. Defendant may be served with process by serving its registered agent Curtis Cooper at this address, or wherever he may be found.

## JURISDICTION AND VENUE

20. This Court has subject matter jurisdiction over the claims in this Complaint under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

21. This Court has personal jurisdiction over Defendant because, on information and belief, Defendant has regularly conducted, and continues to conduct, business by selling and offering for sale its goods in this District.

22. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because, on information and belief, Defendant has regularly conducted, and continues to conduct, business by selling and offering for sale its goods in this District and, as a result, a substantial part of the events giving rise to the causes of action brought herein occurred in this District.

## FACTUAL ALLEGATIONS

23. Plaintiff's Alpha Phi Alpha Marks are synonymous with the organization's mission and reputation. The Alpha Phi Alpha Marks have been integral in establishing and building public awareness of Plaintiff's organization and in differentiating Plaintiff's organization from others that are similarly situated. Additionally, ownership of the Alpha Phi Alpha Marks has provided other benefits, including third party licensing.

24. Plaintiff has spent considerable sums developing, advertising, and promoting its organization through the Alpha Phi Alpha Marks. As an organization, Alpha Phi Alpha has members nationwide and has entered a number of licensing agreements. The Alpha Phi Alpha Marks are widely recognizable and currently used legitimately in connection with the members of Alpha Phi Alpha or the companies who have obtained licenses.

25. On information and belief, Defendant's business manufactures, markets, and distributes merchandise associated with a variety of sororities and fraternities, such as key chains, license plates, and license plate covers, as pictured below.



26. When visiting Defendant's website, the first image one sees is a message that states, "ALL ITEMS ARE REGISTERED TRADEMARK ITEMS BY THE SORORITY AND FRATERNITY." During the years in which Defendant was selling merchandise featuring the Alpha Phi Alpha Marks, this representation was demonstrably false. Plaintiff has never granted a license to Defendant. While Plaintiff has encouraged Defendant to apply for a license, to date no license has been obtained. Defendant has only discussed and acknowledged the need a license. Despite the lack of license, Defendant continually offered merchandise with the Infringing Marks.



27. The Infringing Marks used by Defendant are identical to the Alpha Phi Alpha Marks held by Plaintiff.




The USPTO Trademark Registration for the Alpha Phi Alpha mark and the 1906 mark




Defendant's merchandise featuring the Infringing Marks

28. The use of the Infringing Marks is confusingly similar in appearance and/or commercial impression as the Alpha Phi Alpha Marks. Defendant's promoting, marketing, offering for sale, and selling products with the Infringing Marks is misleading and likely to cause consumer confusion as to the origin of the goods.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT

29. Plaintiff repeats the allegations in the preceding paragraphs as though fully set forth herein.

30. Without Plaintiff's consent, Defendant has used, in connection with the promotion, advertising, offering for sale and sale of Defendant's products, the Infringing Marks which are confusingly similar to and infringes upon Plaintiff's Alpha Phi Alpha Marks.

31. The Infringing Marks being promoted, advertised, offered for sale and sold by Defendant are substantially similar in meaning and appearance to Plaintiff's Alpha Phi Alpha Marks. Defendant's use of the Infringing Marks creates the same commercial impression as, and is confusingly similar to, Plaintiff's Alpha Phi Alpha Marks.

32. Defendant's unauthorized use of the Infringing Marks is likely to cause confusion or mistake as to the source, affiliation, or sponsorship of Defendant's products.

33. Defendant's unauthorized use of the Infringing Marks constitutes infringement of Plaintiff's Alpha Phi Alpha Mark's, and Defendant's acts of trademark infringement have been committed with the intent to cause confusion, mistake, or deception.

34. As a result of Defendant's infringing activities, Plaintiff is entitled to and seeks recovery of Defendant's unlawful profits and damages.

35. Defendant's acts of infringement commenced and have continued in spite of Defendant's knowledge that the use of the Infringing Marks or substantially similar variations thereof was and is in contravention of Plaintiff's rights and Plaintiff's Alpha Phi Alpha Marks. Defendant's infringing actions constitute bad faith and willful and intentional infringement, entitling Plaintiff to treble damages, which Plaintiff seeks herein.

36. Furthermore, Defendant's continual and knowing infringement constitutes an exceptional case entitling Plaintiff to Plaintiff's attorney's fees, which Plaintiff seeks herein.

**JURY DEMAND**

Plaintiff demands a trial by jury on all claims and issues so triable.

**PRAYER FOR RELIEF**

Plaintiff requests that the Court enter judgment in its favor and against Defendant on all claims as follows:

a) a judgement that Plaintiff's Alpha Phi Alpha Marks have been infringed by Defendant in violation of Plaintiff's rights under federal law;

b) a judgment that Defendant, within 30 days after service of the judgment demanded herein, be required to file with this Court and serve upon Plaintiff's counsel, a written report under oath setting forth in detail the manner in which Defendant has complied with the judgment;

c) a judgment that Defendant be required to conduct an accounting for any profits attributable to Defendant's illegal acts;

d) a judgment that Plaintiff recover from Defendant for Plaintiff's damages and Defendant's profits, in an amount to be proven at trial, as well as treble, enhanced and/or exemplary damages under federal law, plus pre- and post-judgment interest;

e) a judgment that Plaintiff be awarded reasonable attorneys' fees and costs incurred to enforce Plaintiff's rights in this action; and

f) a judgment that all other relief to which Plaintiff may be entitled be awarded to it and any other relief this Court deems just and proper.

Dated: November 21, 2024.

Respectfully submitted,

POLSINELLI PC

By: *<u>/s/ Michael D. Pegues</u>*

Michael D. Pegues
2905 N. Harwood Street
Suite 2100, Dallas, TX 75201
(214) 661-5587
Fax No: (214) 397-0033
mpegues@polsinelli.com

ATTORNEYS FOR PLAINTIFF ALPHA PHI ALPHA FRATERNITY INC.